# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD LEE HUBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 4:21-cv-732-JMB |
| ) | |
| ST. LOUIS POLICE OFFICER(S) ) | |
| UNKNOWN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Richard Lee Hubbs, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $8.80. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $38.57, and an average monthly balance of $44.00. The Court will therefore assess an initial partial filing fee of $8.80, which is twenty percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against "St. Louis Police Officer(s) Unknown," and "City of St. Louis (St. Louis City Police Dept)." (ECF No. 1 at 1, 2). He lists himself as the plaintiff in the caption of the complaint, but specifies he is proceeding "By and Through" other people. *Id.* He alleges as follows.

On November 20, 2020, plaintiff received a telephone call from a friend who said: "Krisha just shot baby Kevin in the head, and then shot herself, both are dead." *Id.* at 5. Plaintiff turned on the television and "confirmed this to be true through the news channel," and then shared the news with "Kevin Barrett Jr." *Id.* Plaintiff identifies Kevin Barrett, Jr. as his "biological sibling" and also as the deceased child's father. *Id.* Plaintiff then writes:

> Upon being made aware of his child's mother . . . and son . . . both being shot and killed due to murder suicide, my biological sibling Kevin Ray Barrett Jr. instantly suffered severe mental anguish to the extent that he is not mentally capable of articulating the commencement of this suit. As a direct blood descendant I, Richard Lee Hubbs, am filing on victims/Plaintiff's behalf.

3

*Id.*

Next, plaintiff writes: "I Richard Hubbs have gathered the following info and facts from various sources," including news media, news apps, family, and friends. *Id.* at 6. Plaintiff then sets forth the claims he wishes to bring on Mr. Barrett's behalf. Plaintiff describes what he believes are violations of police department policy and procedure on the part of unidentified police officers on the day of the shootings. For example, he alleges that when police responded to the scene, they "backed out of the residence" to "secure the scene and call back up," and "while the perimeter was being established," the shootings occurred. *Id.* Plaintiff concludes "[t]he police were deliberately indifferent to following policy and procedure, and said actions resulted in the death(s)" of the two persons "due to the home not being secured on first inspection of 911 call." *Id.* Plaintiff concludes the police officers are therefore responsible for the deaths and liable to Kevin Barrett, Jr. Plaintiff does not allege that he himself suffered harm. He seeks damages in the amount of $20 million.

**Discussion**

Plaintiff, proceeding *pro se*, brings this action on behalf of his brother, Kevin Barrett, Jr. However, Kevin Barrett, Jr. did not sign the complaint, pay the filing fee, or file a motion seeking leave to proceed *in forma pauperis*, nor has he otherwise appeared in this matter. There is therefore no indication that Kevin Barrett, Jr. has authorized the filing of the complaint on his behalf. Additionally, plaintiff lacks standing to bring claims on Kevin Barrett, Jr.'s behalf. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Finally, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and

therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Accordingly, the complaint will be dismissed at this time, without prejudice.

Even if plaintiff had filed the complaint on his own behalf, it would be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish, *inter alia*, the violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff's claims are premised upon the unidentified police officers' failure to follow proper police department policy and procedure. However, allegations of violations of police department policies and procedures do not state a claim of constitutional dimension. *Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir. 1988). *See also Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1993). Moreover, the St. Louis City Police Department is not itself an entity that can be sued under § 1983, *see Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992), and the complaint fails to state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $8.80. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of September, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE